UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
TAX ANALYSTS,                       )
                                    )
            Plaintiff,              )
                                    )
      v.                            )   Civil Action No. 05-0934 (ESH)
                                    )
INTERNAL REVENUE SERVICE,           )
                                    )
            Defendant.              )
_____)

**MEMORANDUM OPINION**

On May 10, 2005, plaintiff Tax Analysts filed a complaint under Internal Revenue Code § 6110, 26 U.S.C. § 6110, and the Freedom of Information Act, 5 U.S.C. § 552 ("FOIA"), seeking disclosure of certain documents previously requested from but withheld by the Internal Revenue Service ("IRS"). (Compl. ¶¶ 1, 16-17.) Before the Court is plaintiff's Motion for a *Vaughn* Index. Because such an index will not be necessary to determine whether defendant has adequately justified its withholding of the records contested in this case, the Court denies plaintiff's motion but it will order the government to provide the Court with certain documents for *in camera* review.

Section 6110 of the Internal Revenue Code provides that "the text of any written determination and any background file document relating to such written determination shall be open to public inspection at such place as the Secretary may by regulations prescribe." 26 U.S.C. § 6110(a); *see also* 26 U.S.C. § 6110(m) (Secretary not otherwise required to "make any written determination or background file document open or available to public inspection" absent a

discovery order).  Included within the class of public "written determination[s]" is "Chief Counsel advice," a category including all "written advice or instruction, under whatever name or designation, prepared by any national office component of the Office of Chief Counsel which . . . (i) is issued to field or service center employees of the Service or regional or district employees of the Office of Chief Counsel; and . . . (ii) conveys . . . any legal interpretation of a revenue provision . . . [;] any Internal Revenue Service or Office of Chief Counsel position or policy concerning a revenue provision; or . . . any legal interpretation of State law, foreign law, or other Federal law relating to the assessment or collection of any liability under a revenue provision."  26 U.S.C. §§ 6110(b)(1)(A), 6110(i)(1)(A).  On February 19, 2004, the IRS's Office of Chief Counsel issued Notice CC-2004-012 in order to "address[] questions regarding how the Office of Chief Counsel renders legal advice, including when legal advice should be provided in writing and the effect of provisions requiring the release of documents to the public on the decision to provide legal advice."  (Butler Decl. Ex. 12 at 1.)  The Notice identified a number of categories of advice as "informal in nature" and thus beyond reach of § 6110's public inspection requirement, including "legal advice that can be rendered in less than two hours by a National Office component even if it is reduced to writing" and, relatedly, any pre-existing "background memorandum" prepared for a prior case and later provided in response to a request for advice from the field.  (*Id.* at 5-6.)

On June 7, 2004, plaintiff submitted a letter to the IRS requesting that it disclose all advice withheld under the "two-hour" and "pre-existing legal memorandum" rules, asserting that all such materials were subject to the public inspection requirements of 26 U.S.C. § 6110(a). (Compl. ¶ 15; Butler Dec. at 13.)  In the same letter, plaintiff made a FOIA request for all IRS

records that predate February 19, 2004 and "include descriptions of, or references to, or are precursors of" certain provisions of Notice CC-2004-012, as well as all records providing "guidance or instructions" to Office of Chief Counsel attorneys on the application of the same notice provisions. (*Id.*) After receiving a number of letters from the IRS indicating that additional time would be required to process its requests, plaintiff submitted an April 8, 2005 letter expanding its original request to include all such records prepared or issued by the date of the second letter's receipt. (Compl. ¶¶ 16-17; Drain Decl. ¶ 4.)

Having not received the requested documents, plaintiff filed this lawsuit on May 10, 2005, asking that the Court order disclosure of the documents under 26 U.S.C. § 6110 and 5 U.S.C. § 552. (Compl. ¶ 21.) On November 22, 2005, defendant filed a Motion for Summary Judgment arguing that the "informal" advice requested by plaintiff under 26 U.S.C. § 6110 was not Chief Counsel advice subject to the statute's public inspection requirement, that the materials predating Notice CC-2004-012 and requested by plaintiff under FOIA were exempt from disclosure under the deliberative process privilege within 5 U.S.C. § 552(b)(5), and that there were no documents responsive to plaintiff's FOIA request for guidance documents. (*See* Def.'s Mot. for Summ. J. at 20, 26; Drain Decl. ¶ 5.) In support of its motion, defendant submitted the declaration of IRS Office of Chief Counsel attorney Shannon Drain. The declaration notes that the agency provided six documents in response to plaintiff's FOIA request in July 2005, outlines the remaining responsive documents and articulates the agency's view that the materials were predecisional and therefore exempt from disclosure. (*See* Drain Decl. ¶¶ 1, 5, 7-14.)

Following defendant's filing of its Motion for Summary Judgment, plaintiff filed this Motion for a *Vaughn* Index. *See Vaughn v. Rosen*, 484 F.2d 820 (D.C. Cir. 1973). In its motion,

plaintiff requests that the Court order the IRS to prepare an index indicating the date, source, recipient, subject matter, nature, and time spent in preparation of each of the documents falling within any of three categories: (1) meeting notes, emails and drafts generated during the drafting of Notice CC-2004-012 and described in the Drain declaration (Request No. 1); (2) documents containing written advice or instructions "convey[ing] any legal interpretation of a revenue provision, any position or policy of IRS or the Office of Chief Counsel for the IRS . . . concerning a revenue provision or any legal interpretation of state law, foreign law or other federal law relating to the assessment or collection of any liability under a revenue provision and which has been withheld from the public" by the agency (Request No. 2); and (3) documents presented to representatives of plaintiff at an August 19, 2005 settlement negotiation but subsequently withheld as informal advice by the agency (Request No. 3). (Mot. for a *Vaughn* Index at 1-3.) According to plaintiff, such an index is required for it to argue effectively for disclosure and for the Court to determine whether any of the requested documents, or any portions thereof, must be disclosed. (Pl.'s Reply at 2-4.)

Defendant opposes plaintiff's Motion for a *Vaughn* Index on a number of grounds. With respect to Request No. 1, defendant argues that the Drain declaration "affords the Court fully adequate grounds to determine the appropriateness of the deliberative process privilege and to make the segregability determination [there] asserted." (Opp'n. to Pl.'s Mot. for a *Vaughn* Index at 4.) Because all records requested by plaintiff under FOIA fall under a single exemption, defendant maintains that an index "would be extremely repetitive," would "provide no useful additional information" beyond that contained in the Drain declaration, and would therefore "serve no real purpose." (*Id.* at 5-7.) With respect to Request Nos. 2 and 3, defendant argues

4

that a *Vaughn* index would be "wholly inappropriate" since the only question raised by their nondisclosure is "the legal issue whether [such] informal advice . . . constitutes [Chief Counsel advice] . . . which must be processed for public inspection in accordance with 26 U.S.C. § 6110." (*Id. at 8.*)  A *Vaughn* index, defendant maintains, will not assist the Court in determining whether the advisory documents sought fall under the statute.  (*Id.*)  With respect to Request No. 3, defendant also argues that plaintiff has already seen the records and is therefore aware of their contents, thus making the production of an index an unnecessary burden on the agency.  (*Id.* at 9-10.)  Finally, defendant contends that an *in camera* review of the documents would serve as a better means of resolving this matter.

      The Court agrees that a *Vaughn* index is unnecessary to the resolution of this case. Beginning with plaintiff's requests for advisory documents under 26 U.S.C. § 6110 (Request Nos. 2 and 3), it is apparent that such an index would not assist the Court or the parties in resolving the question at hand: whether written advice drafted in less than two hours, including written advice incorporating pre-existing legal memoranda, constitutes "Chief Counsel advice" subject to the public inspection requirement of 26 U.S.C. § 6110(a).  *Cf. Gallant v. Nat'l Labor Relations Bd.*, 26 F.3d 168, 172-73 (D.C. Cir. 1994) (concluding that a *Vaughn* index was not required for a determination of whether the requested documents were "agency records" subject to FOIA).  The relevant characteristic of each document requested and withheld under § 6110 -- its preparation in less than two hours -- is known to both plaintiff and the Court.  Accordingly, resolution of the issue does not require an index providing further information about those records.

A *Vaughn* index is also unnecessary to the resolution of plaintiff's FOIA request (Request No. 1).  This is not a case like *Vaughn*, where the government claimed that the documents it had withheld were exempt from disclosure under three separate exemptions while supporting its motion for summary judgment with a single affidavit that failed to "illuminate or reveal the contents of the information sought, but rather set forth in conclusory terms the [government's] opinion that the [records] were not subject to disclosure under the FOIA."  *Vaughn*, 484 F.2d at 823.  Here, in contrast, defendant has supported its Motion for Summary Judgment with a declaration outlining the categories of documents withheld -- notes from an October 2003 meeting involving Associate Chief Counsel Deborah Butler and her staff, subsequent emails discussing the meeting and drafts of the resulting Notice, various clean and edited drafts of the Notice circulated among members of the Chief Counsel's office, and transmittal slips summarizing the changes made to attached drafts -- as well as the circumstances of their creation.  (Drain Decl. ¶¶ 7-11.)  *See Gallant*, 26 F.3d at 172-73 ("As the Sixth Circuit noted in a similar setting, 'the government need not justify its withholdings document-by-document; it may instead do so category-of-document by category-of-document,' so long as its definitions of relevant categories are 'sufficiently distinct to allow a court to determine . . . whether the specific claimed exemptions are properly applied.'") (citation omitted).  Moreover, defendant has raised only one exemption -- the deliberative process privilege set forth in 5 U.S.C. § 552(b)(5) -- thereby eliminating any need to clarify the statutory basis and rationale for each of the withheld documents.  *See Maydak v. United States Dep't of Justice*, 218 F.3d 760, 766 (D.C. Cir. 2000) (noting that both the D.C. Circuit and the Supreme Court has "permit[ted] the satisfaction of the government's burden of proof under many . . . exemptions . . . through generic, categorical

showings " and that the D.C. Circuit has specifically "upheld the government's assertion of FOIA [exemption 5] based on something less than a *Vaughn* index"); *Brinton v. Dep't of State*, 636 F.2d 600, 606 (D.C. Cir. 1980) (holding the deliberative process exemption applicable without reference to a *Vaughn* index); *Mervin v. Fed. Trade Comm'n*, 591 F.2d 821, 826 (D.C. Cir. 1978) (holding the attorney work-product exemption applicable on the basis of a single affidavit); *Vaughn*, 484 F.2d at 827 ("From the record, we do not and cannot know whether a particular portion is, for example, allegedly exempt because it constitutes an unwarranted invasion of a person's privacy or because it is related solely to the internal rules and practices of an agency."). "'[A] court's primary focus must be on the substance, rather than the form, of the information supplied by the government to justify withholding requested information . . . [and thus] whether that evidence comes in the form of an *in camera* review of the actual documents, . . . a "Vaughn Index," a detailed affidavit, or oral testimony cannot be decisive.'" *Gallant*, 26 F.3d at 172-73 (quoting *Vaughn v. United States*, 936 F.2d 862, 867 (6th Cir. 1991)).  Because a *Vaughn* index is not here required to give the Court "'a reasonable basis to evaluate the claim of privilege,'" *id.* at 173 (quoting *Delaney, Migdall & Young, Chartered v. IRS*, 826 F.2d 124, 128 (D.C.Cir. 1987)), it will not be ordered.

  This is a case, however, where the Court's evaluation of the agency's invocation of Exemption 5 and claim of nonsegregability would benefit from an *in camera* inspection of the documents sought in Request No. 1.  *See* 5 U.S.C. § 552(a)(4)(B) ("[T]he court . . . may examine the contents of such agency records *in camera* to determine whether such records or any part thereof shall be withheld under any of the exemptions set forth in subsection (b) . . . ."); *Envtl. Prot. Agency v. Mink*, 410 U.S. 73, 93 (1973) ("[An] agency may demonstrate, by surrounding

circumstances, that particular documents are purely advisory and contain no separable, factual information. A representative document of those sought may be selected for *in camera* inspection."). The IRS contends that no portion of the withheld documents are reasonably segregable "because what remains after the redaction of the exempt information would have little or no value," amounting to "little more than the date of the draft or of the email transmitting such draft and the names of the sender(s) and receipient(s)." (Opp'n to Pl.'s Mot. for a *Vaughn* Index at 7 n.2.) This assertion can best be verified by an *in camera* inspection of the documents withheld by the agency under Exemption 5.

Accordingly, plaintiff's Motion for a *Vaughn* Index is DENIED and the IRS is ORDERED to provide the Court with those records which have been withheld under 5 U.S.C. § 552(b)(5) in response to Request No. 1 for *in camera* inspection on or before February 7, 2006.[1]

                                    s/
                                    ELLEN SEGAL HUVELLE
                                    United States District Judge

Date:   January 9, 2006

---

[1] Based on the Drain Declaration, the Court has not limited its request to a representative sample, since it appears that the documents that are responsive to Request No. 1 are not voluminous. The documents should be paginated.